IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARREN TRAVIS,

        Plaintiff,

  vs.

JASON C. GABLE,

        Defendant.

Civil No. 07-6122-AA
OPINION AND ORDER

---

Darren Travis
555 N. Danebo Avenue, #24
Eugene, Oregon 97402
    Plaintiff appearing Pro Se

Richard T. Anderson
Anderson & Monson, P.C.
Park Plaza West - Suite 460
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, Oregon 97005
    Counsel for defendant

AIKEN, Judge:

    Defendant files a motion to dismiss on several grounds and a motion for sanctions. Plaintiff filed a "Common Law Default

Page 1 - OPINION AND ORDER

Judgment." Defendant's motion to dismiss is granted and this case is dismissed.

## BACKGROUND

Plaintiff, Darren Travis, appearing pro se filed a complaint in this court against defendant Jason Gable titled, "Libel of Review - common law counterclaim in admiralty -notice lis pendens and - certified statement of right - Re: god-given unalienable rights in the original estate - Article III; Constitution." See Complaint, p. 1. The complaint further alleges that this court has jurisdiction over plaintiff's claim as follows:

> In international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim. The district courts have "exclusive original cognizance" of all inland seizures and this includes vessels in rem (Rule C(3)) such as trust organizations and legal names (Darren T. Carlson, DARREN TRAVIS CARLSON, Jason C. Gable, Henry Paulson, John Snow etc.).
>
> . . .
>
> Jason c. Gable, acting as "City METRO officer - Debt Collector" *city* of Washington, *District* of Columbia is agent of a foreign principal, a "foreign state" defined at Title 28 of the United States Codes § 1603, and Title 22 U.S.C. §611 of the **Division of enforcement** for the **Department of revenue** (for example C.R.S. §24-1-117 [Colorado]) under principle State Governor in convention with METRO organization a.k.a. *Public Administrative Services Headquarter* (PASHQ - signed for example by Edwin C. Johnson by John T. Bartlett; *The Public Papers and Addresses of Franklin D. Roosevelt, The Year of Crisis 1933* Random House p. 21.) The *Department of Revenue* of course being the execution of bankruptcy proceedings against the citizens of the United States since 1933 currently formed "International Monetary fund" and "World Bank" etc. the State, City

Page 2 - OPINION AND ORDER

> METRO municipal and police powers under United Nations charter law - protected by the same alleged positive law jural society (international treaty) exemptions home rule (of for example, Article VI and Article XX of the *State of Colorado* Constitution, **Transfer of government.**")

Id. at p. 2 (emphasis in original).

Specifically, plaintiff alleges his "cause of action" against defendant as follows:

> Jason C. Gable has been casting aspersions that Darren Travis owes him money and has been suggesting *court orders* to that effect. This presumption is erroneous and based upon endorsements of private credit from the Federal Reserve that have never been made in good faith. The subjection to Special Drawing Rights (Paper Gold) is one thing but presuming endorsement of fractional lending practiced outside the scope of lawful money is unlawful and such presumption is defeated by law herein, *nunc pro tunc*. See Title 12 U.S.C. §411; Darren Travis is and always would have exercised right to handle lawful money had the option ever been presented in good faith. The subject presentment utilized for the claim was regular enough but Darren Travis wishes to invoke judicial review "any other provision of law" and nullify any justification for any further such theft action - manifest in actual or threatened kidnap. The presentment(s) upon which the theft is based has been refused for cause timely (considering preparation of proper remedy) and the red ink original refusal for cause has been returned to Jason C. Gable in his copy of the counterclaim and summons. All other copies and the original counterclaim filed with the court have black ink (copy) refusals for cause on the presentment(s).

Id. at p. 3 (emphasis in original).

Plaintiff has not responded in any way to defendant's motions other than to write across the front of all pleadings filed by the defendant in large, black lettering "Refusal for

Page 3 - OPINION AND ORDER

Cause," and then filing that document with the court along with a letter addressed to the Clerk of Court as follows:

> Please file this refusal for cause in the case jacket of Article III Case 07-6122-AA. This is evidence if this presenter claims I have obligations to perform or makes false claims against me in the future. A copy of this instruction has been sent with the original refusal for cause back to the presenter in a timely fashion.
>
> **Certificate of Mailing**
>
> My signature below expresses that I have mailed a copy of the presentment, refused for cause with the original clerk instruction to the district court and the original presentment, refused for cause in red ink and a copy of this clerk instruction has been mailed registered mail as indicated back to the presenter within a few days of presentment.

Letter to District Court Clerk, doc. 7, filed June 13, 2007 (emphasis in original).

Plaintiff filed what the court has construed as a motion for default judgment as follows:

> **Default judgment**
>
> Jason C. Gable has failed to assert any claim to Darren Travis by proving the certificate of search in the district court to be faulty or fraudulent within the twenty days stipulated. As stipulated on the summons and properly served;
> You are hereby summoned and required to serve upon plaintiff, whose address is: Darren Travis; [plaintiff's address] AND FILE WITH THE CLERK OF THE COURT an answer to the complaint which is herewith served upon you, within 20 days of service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
>
> default judgment is hereby entered and the injunctive relief sought in the counterclaim is awarded to Darren Travis. Jason C. Gable is by law to forfeit seizure

Page 4 - OPINION AND ORDER

> upon Darren Travis's property and person. If Jason C. Gable fails to do so, a certificate of exigent circumstances will issue calling for Jason C. Gable's arrest in the cognizance of the State Department and Speaker of the House.

Plaintiff's Default judgment, filed June 27, 2007, docs. 24, 27 (emphasis in original).

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

"The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists." 13 Charles A. Wright, Arthur r. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984). Plaintiff bears the burden of proof to establish jurisdiction. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).

Based on the summons issued in this case, there can be no

dispute that both plaintiff and defendant are from Oregon. Therefore, diversity of citizenship does not exist. Further, although the complaint makes numerous references to various federal statutes and constitutional provisions, the complaint fails to allege a "short and plain statement" alleging subject matter jurisdiction. A careful reading of the 8-page complaint in its entirety leaves the court guessing that plaintiff requests the clerk of the court to issue an arrest warrant for defendant pursuant to admiralty law, and plaintiff disagrees with the federal reserve and/or money/banking system. This court acknowledges that a "less stringent examination is afforded pro se pleadings," however, a simple reference to federal law is not sufficient to create subject matter jurisdiction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Moreover, the Supreme Court has specifically held that unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction over the complaint. <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946). I find plaintiff's allegations wholly unsubstantial, frivolous, and without merit. Moreover, plaintiff's complaint lacks any plausible assertion of a substantial federal right. Therefore, this court lacks subject matter jurisdiction over plaintiff's claim.

Further, plaintiff's complaint is subject to dismissal pursuant to Fed. R. Civ. P. 8. The complaint fails to provide

Page 6 - OPINION AND ORDER

"simple, concise and direct" allegations demonstrating "a plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). The complaint also lacks any ascertainable "demand for judgment for relief." Fed. R. Civ. P. 8(a)(3). A complaint which fails to meet these standards is subject to dismissal. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996)(complaint subject to dismissal was "narrative ramblings" and "storytelling or political griping.").

Further, plaintiff's motion for a default judgment is denied. On June 22, 2007 (doc. 14), defendant filed the motion at bar. The filing of a motion to dismiss precludes the entry of a default judgment. See Fed. R. Civ. P. 12(a)(4).

Finally, defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11(b)(1) is denied. However, the court will consider another request for sanctions by defendant against this plaintiff if circumstances present themselves a second time.

## CONCLUSION

Defendant's motion to dismiss (doc. 14) is granted. This case is dismissed and all pending motions are denied as moot. Further, defendant's motion for sanctions (doc. 30) and plaintiff's motions for default judgment (doc. 24 and 27) are denied.

///
///

IT IS SO ORDERED.

Dated this 28 day of August 2007.

_____
Ann Aiken
United States District Judge